**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SHANISE-MARIE ALEXANDER,

    **Plaintiff,**

        **v.**                                         **Civil Action No. 21-215 (JEB)**

KENNETH MICHAEL MEAD, *et al.*,

    **Defendants.**

## <u>MEMORANDUM OPINION</u>

*Pro se* Plaintiff Shanise-Marie Alexander filed this action on January 24, 2021, alleging that a group of ten Defendants are at fault for "negligence, concealment of documents, privacy breach, slander and defamation of character, wrongful trespass, false arrest, false confinement, and tortuous [*sic*] [in]terference." ECF No. 5 (Amended Compl.), ¶ 6 (alteration in original). In short — and as far as the Court can tell — Alexander asserts that Defendants forged evidence that she possessed marijuana and then used this evidence to falsely imprison her, violate her privacy, and ultimately defame her. <u>Id.</u> Plaintiff therefore seeks $540,000 in damages. <u>Id.</u> at 5. Several Defendants now move to dismiss this case because of, *inter alia*, improper venue. As none of them is a resident of the District of Columbia, and as none of the alleged events giving rise to Plaintiff's claims occurred here, the Court grants the Motion.

## I.    Background

Although her allegations are hard to follow, the following factual account is derived, in the main, from Plaintiff's Complaint and Amended Complaint. Alexander is, in her own words,

an "original American of the Chahta tribes," ECF No. 1 (Compl.), ¶ 20, who, prior to her false arrest, id., ¶ 10, served as a "tribal chief minister." Id., ¶ 21. While the details of her accusation have changed, the general story remains the same. According to Alexander, several officials of Oldham County, Texas, including the County Judge, the County Attorney, and the County and District Clerk, conspired to forge evidence that purportedly showed that Alexander and another "civilian native" possessed a "green leafy substance," and these officials further conspired in pretending that this substance was in fact marijuana. See Am. Compl., ¶ 29; ECF No. 27 (Oldham Def. MTD), ¶¶ 5, 7. Defendants also allegedly called her "a sovereign citizen to gain access to private property," leading to trespass and arrest. Am. Compl., ¶ 13. Plaintiff goes on to allege that Defendants did so in order to exact revenge on Alexander for being a "witness and whistleblower" in a previous case, see Compl., ¶ 36, and that — without expanding on why or how — the revenge was linked to her prior arrest in Nevada. Id., ¶ 24; Am. Compl., ¶ 30.

Defendants meet Plaintiff's bevy of accusations with their own multitude of responses, moving to dismiss the Amended Complaint on a number of threshold grounds. See Oldham Def. MTD at 1; ECF No. 22 (Saul MTD) at 1; ECF No. 30 (Las Vegas Def. MTD) at 2; ECF No. 36 (Conrad MTD) at 1. Adding to the already chaotic nature of the case, Defendants (as one can see from the citations) have split into a number of different groups. Ultimately, however, all Defendants contend that this case is not properly brought in Washington, D.C., either for lack of personal jurisdiction or improper venue. The Court need only address venue.

## II.    Legal Standard

When a plaintiff brings suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Generally, "[t]he decision whether to dismiss

or transfer 'in the interest of justice' is committed to the discretion of the district court." Fam v. Bank of America NA (USA), 236 F. Supp. 3d 397, 408 (D.D.C. 2017) (citing Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983)).

A plaintiff can bring a federal lawsuit in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3), if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Motions to dismiss for improper venue are governed by Federal Rule of Civil Procedure 12(b)(3).

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (quoting Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d. 274, 276–77 (D.D.C. 2002)). "The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record, to determine whether" venue is proper. Braun v. U.S. Dep't of the Interior, 288 F. Supp. 3d 293, 298 (D.D.C. 2018) (internal quotation marks and citation omitted). Given that it is a plaintiff's obligation to bring the action in an appropriate district, she "usually bears the burden of establishing that venue is proper." Ellis-Smith v. Secretary of Army, 793 F. Supp. 2d 173, 175 (D.D.C. 2011) (internal quotation marks and citation omitted); see 14D Charles Alan Wright et al., Federal Practice & Procedure § 3826 (4th ed. 2018) ("[W]hen the

3

defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue.").

III.   **Analysis**

In contending that dismissal for lack of venue is warranted, all Defendants maintain that Washington lacks any relationship to Alexander's claims.  Even accepting her allegations as true, see Pendleton, 552 F. Supp. 2d at 17, there is nothing to indicate any connection between any of the incidents and our city.  While the pleading bar is typically lower for *pro se* Plaintiffs, see Haines v. Kerner, 404 U.S. 519, 520–21 (1972), there is still a bar to overcome.

Going through the venue prongs demonstrates that Plaintiff is out of luck.  First, nothing in her pleadings suggests that any named Defendant — let alone all — resides in Washington. See Am. Compl., ¶¶ 18, 21, 24–32.  Second, her recitation of the underlying events contains no mention of the nation's capital.  Id., ¶¶ 7–14, 18–36.  Finally, this is not a situation in which there are no other venues where this action might otherwise be brought.  Dismissal is thus warranted.

Although the Court has the power to transfer the case (as opposed to dismissing it), Defendants ask the Court to reject this option because the lawsuit suffers from multiple substantive problems.  See Oldham Def. MTD at 13; Las Vegas Def. MTD at 2; see also Laukus v. U.S., 691 F. Supp. 2d 119, 127 (D.D.C. 2010) ("dismissal may be appropriate where there are obvious substantive problems with the plaintiff's claims") (citing Phillips v. Seiter, 173 F.3d 609, 610–11 (7th Cir. 1999)).  For example, Alexander's narrative is confused, she names some Defendants who likely have immunity, and it is unclear whether Texas or Nevada is the locus of these events.  As Defendants should not have to contend with this largely incomprehensible suit any longer, the Court will opt for dismissal.

**IV.     Conclusion**

For the foregoing reasons, the Court will issue a contemporaneous Order granting

Defendants' Motion and dismissing this case without prejudice for lack of venue.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  July 6, 2021